JAMES T. SHAW, Appellee, v. H. C. TYRELL, Constable, Appellant.

**Executions:** RECOVERY OF PROPERTY BY THIRD PERSON : NOTICE OF CLAIM. To sustain an action for the recovery of property, held by an officer under execution, by one claiming the same adverse to the execution defendant, the officer must be served with a verified notice, stating the nature of his interest, how and from whom acquired, and the consideration paid therefor; and the giving of such notice must be pleaded.

*Appeal from Plymouth District Court.*— HON. WM. HUTCHINSON, Judge.

THURSDAY, FEBRUARY 8, 1906.

ACTION at law to recover certain personal property, claimed by the plaintiff and levied upon by the defendant under an execution directed against the property of one J. H. Smith. Judgment for plaintiff upon demurrer to defendant's answer, and defendant appeals.— *Reversed.*

*J. M. Wormly* and *Zink & Roseberry,* for appellant.

No appearance for appellee.

WEAVER, J.— The petition is in ordinary form; the plaintiff claiming to be the absolute owner of the property, which he alleges the defendant, as constable levied upon under an execution against the property of Smith. The pleading contains no averment of the service of any notice of ownership by the plaintiff upon the defendant. The defendant answers, admitting the levy, and pleads that no notice of plaintiff's claim of ownership was ever served on him, except as follows: On February 18, 1904, plaintiff served defendant with a notice as follows: " State of Iowa, Plymouth County. To H. C. Tyrrell, Constable: You

are hereby notified that the property you attached as belonging to J. H. Smith is mine by virtue of a mortgage made to me by the said J. H. Smith and duly recorded. Done this 19th day of February, 1904. [Signed] J. T. Shaw." Thereupon it is alleged the execution plaintiff served upon the plaintiff herein a written demand that he state under oath the amount due under his mortgage, the amount of original debt, the credits thereon, and the amount necessary to be deposited with the court to remove the mortgage lien; and in response to this demand plaintiff served upon the defendant a notice in the following form:

Notice to H. C. Tyrrell, Constable: You are hereby notified that in the attachment action wherein C. O. Whitnell is plaintiff and Joe H. Smith is defendant that a part of the property levied by you is held by Jas. T. Shaw by chattel mortgage to secure a note of three hundred and ten dollars made by said Joe H. Smith, on the 28th day of January, 1904, in favor of Jas. T. Shaw said mortgage to secure said note is dated January 28th, 1904, and on the following property, to-wit: Thirty tons of timothy hay, four hundred bushels of corn in crib, one Deering binder or harvester, one top buggy, two lumber wagons, one Birdsell and one Fish Bros., one hundred bushels of oats, fifty bushels of barley, one Duroc Jersey sow, fourteen head of shoats, two sets of double harness, one Boyd corn planter, one bob sled, two riding corn plows with all the increase and additions until the note is fully paid. It is further set forth that said mortgage is on record in the recorder's office of Plymouth county, State of Iowa, and recorded on the 1st day of February, 1904, at eight o'clock a. m. and recorded in Book 33 of Chattel Mortgages on page 247 and that Jas. T. Shaw the owner of said note demands a release of the above described chattels.                                    James T. Shaw.

State of Iowa, Plymouth County.

I, Jas. T. Shaw, being duly sworn, say that I am the owner of the foregoing described note and mortgage executed by Joe H. Smith to me, and further state that the said note is wholly unpaid.

Jas. T. Shaw.

Subscribed by Jas. T. Shaw in my presence and'sworn to before me this 29th day of February, 1904.

[Seal.]                    John S. Ellis, Notary Public.

To this answer, which contains .much other matter which need not be further referred to, the plaintiff demurred: (1) Because it affirmatively appears that proper notices were served upon the constable of plaintiff's rights in the property levied upon; and (2) because it affirmatively appears that the execution plaintiff never tendered or paid to the plaintiff the amount due from Smith on the mortgage debt. The demurrer was overruled, and, defendant refusing to further plead or amend, judgment was rendered in plaintiff's favor.

The ruling of the trial court cannot be sustained. In the first place, in order to sustain an action of this kind against an officer levying upon property taken under execution, the person claiming to have or own any right in or to the property adverse to the execution defendant is required to serve such officer with a verified notice stating the nature of his interest in the property, how and from whom he acquired the same, and the consideration paid therefor. Code, secs. 3906, 3991. And in order to state a cause of action against the officer for the recovery of the property the giving of such notice should be pleaded. There is no such allegation in the case before us. Nor can it be said that the notice pleaded or set out in the answer supplies the defect in the petition. The petition alleges absolute and unqualified ownership, while the notices shown in the answer attempt to set up a claim under a mortgage; and while we might perhaps say that they sufficiently disclose the nature of the plaintiff's interest and from whom it was acquired, they make no attempt to state the consideration therefor. The first notice was not made under oath as the law requires, and the last one is also wholly unverified, except to the effect that plaintiff is the owner of the

note therein mentioned and that it is unpaid. The affidavit may be literally true, and the note and mortgage still be wholly without consideration and void against creditors. If the plaintiff had any honest claim to or lien upon the property, it is hard to understand why he did not assert the same in the manner which the statute directs. It needs no argument to show that these notices do not in any just or reasonable degree fill the requirements of Code, sections 3906, 3991, and the demurrer to the answer should have been overruled.

The judgment appealed from is reversed, and cause remanded for further proceedings in harmony with this opinion.

*Reversed.*